UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PAMELA ALFORD, d/b/a ) | |
| EQUI-MANAGEMENT GROUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:05 CV 11 LMB |
| ) | |
| CLINTON ANDERSON and ) | |
| DOWNUNDER HORSEMANSHIP, L.L.C., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the Complaint of Plaintiff Pamela Alford alleging breach of contract and unjust enrichment claims against defendants Clinton Anderson and Downunder Horsemanship, L.L.C. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636(c). Presently pending before the court is Defendants' Motion for Summary Judgment on Count II of plaintiff's Complaint. (Document Number 25).

### Background

In Count I of her Complaint plaintiff alleges that defendants breached a five-year "Contractual Services Agreement" ("Agreement") that was entered into by plaintiff and defendants on May 12, 1999. Plaintiff states that on February 26, 2003, defendants informed plaintiff of their intention to terminate the Agreement effective July 4, 2003. Complaint, ¶ 9. Plaintiff alleges that defendants had not, "prior to February 26, 2003, expressed any

dissatisfaction with the services provided by Plaintiff." Id. at ¶ 10.  Plaintiff claims that defendants terminated the Agreement in an attempt to avoid payment to plaintiff for profits that were just then being realized from years of development and marketing on her part.

In Count II of her Complaint, plaintiff asserts, in the alternative, an unjust enrichment claim.  Plaintiff alleges that defendants have failed to compensate her for work performed between May 12, 1999 and July 4, 2003, as agreed to by the parties.  Specifically, plaintiff claims that defendants have not paid any commissions for sales made by defendants on those products developed, promoted, and marketed by plaintiff since July, 2003.  Plaintiff states that as a result of defendants' failure to pay, defendants have benefitted from the services of plaintiff and will continue to benefit from her services for the period between July, 2003 and May, 2004.  Plaintiff contends that this benefit, without compensation to plaintiff, unjustly enriches defendants for plaintiff's services and efforts.

Defendants filed a Motion for Judgment on the Pleadings as to Count I of plaintiff's Complaint, which the court granted on February 15, 2007.  (Doc. No. 23).  The undersigned found that defendants complied with the terms of the Agreement in terminating the Agreement in that they gave plaintiff thirty days written notice informing her that they were dissatisfied with her performance.

## **Discussion**

As previously stated, defendants have filed a Motion for Summary Judgment with respect to Count II of plaintiff's Complaint, the only remaining count in this action.  (Doc. No. 25). Defendants have also filed a Statement of Uncontroverted Material Facts in Support of Their Motion for Summary Judgment (Doc. No. 26) and a Memorandum in Support of Their Motion

for Summary Judgment (Doc. No. 27). Plaintiff has not filed a Response to defendants' motion.

A.  **Summary Judgment Standard**

A court may grant summary judgment when no issue of material fact exists and the moving party is entitled to judgment as a matter of law, according to Federal Rule of Civil Procedure 56 (c). A fact is material only when its resolution affects the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. In deciding a motion for summary judgment, the court must review the facts and all reasonable inferences in a light most favorable to the nonmoving party. See Canada v. Union Elec. Co., 135 F.3d 1211, 1212 (8th Cir. 1997).

In a motion for summary judgment, the movant bears the initial burden of proving the absence of any genuine issue of material fact that would preclude judgment for the movant. See City of Mt. Pleasant, Iowa v. Associated Elec. Co-op, Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once the movant has met this burden, the nonmovant may not rely on mere denials or bare allegations, but must point to specific facts that raise a triable issue. See Anderson, 477 U.S. at 249, 106 S. Ct. at 2510-2511. The nonmovant must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of material fact for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). While a court may not automatically grant summary judgment based upon an unopposed motion, it may do so if it satisfies "itself that on the record before it, there are no genuine issues of material fact as to at least one of the necessary elements of plaintiff's case." Noland v. Commerce Mortg. Co., 122 F.3d 551, 553 (8th Cir. 1997). The Supreme Court has found that "[s]ummary judgment

procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Celotex, 477 U.S. at 327, 106 S.Ct. at 2555 (quoting Fed. R. Civ. P. 1).

### B. Defendants' Motion for Summary Judgment

Defendants argue that they are entitled to summary judgment as to the remaining count of plaintiff's Complaint because the undisputed facts show that plaintiff has been paid in full for all commissions for products that she developed, marketed, or promoted that were sold after the Agreement was terminated. Defendants state that the Agreement provides as follows with regard to plaintiff's compensation: "[a] commission of 15% of royalty income will be paid [to plaintiff] on all distribution of product lines developed by [plaintiff] and/or endorsements, royalties or sponsorships developed by [plaintiff] for use of [defendants'] product line or name." Def's Ex. B. Defendants contend that they stopped selling products that had been developed, promoted, or marketed by plaintiff by February 4, 2004, at the latest. Defendants state that they have paid all commissions due to plaintiff for the sale of products that had been developed, promoted, or marketed by plaintiff, and mailed her a check for those commissions on February 6, 2004. Defendants argue that they are also entitled to summary judgment on Count II because it is dependent on the allegations in Count I, which the court has held is meritless.

Defendants have attached as an exhibit the Affidavit of Sara Bewley, the vice president of Downunder Horsemanship, LLC. See Def's Ex. D. Ms. Bewley states that she is familiar with Downunder Horsemanship's practices and procedures relating to the sale of products that were developed, promoted, or marketed by plaintiff, and that Downunder Horsemanship stopped

- 4 -

selling such products by February 4, 2004, at the latest. See Def's Ex. D at ¶ 1, 2. Ms. Bewley further states that Downunder Horsemanship has paid all commissions due to plaintiff for the sale of products that had been developed, promoted, or marketed by plaintiff, and mailed her a check for those commissions on February 6, 2004. Def's Ex. D at ¶ 3. Defendants have also attached a copy of a check payable to plaintiff in the amount of $1,951.60, dated February 4, 2004. See Def's Ex. E.

The elements of a claim for unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of the fact of such benefit; and (3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable. Erslon v. Vee-Jay Cement Contracting Co., Inc., 728 S.W.2d 711, 713 (Mo. Ct. App. 1987).

The undersigned finds that defendants have met their burden of proving the absence of any genuine issue of material fact and are entitled to judgment as a matter of law. Plaintiff argues that she is entitled to commissions from sales occurring from July 4, 2003, when the Agreement was terminated, through May 2004, when the Agreement was set to expire. The undisputed facts, however, reveal that defendants have paid plaintiff all commissions due for the sale of products that had been developed, promoted, or marketed by plaintiff. Defendants stopped selling products that had been developed, promoted, or marketed by plaintiff by February 4, 2004, and mailed her a check for those commissions. As such, plaintiff's unjust enrichment claim fails. Having found that defendants are entitled to summary judgment because plaintiff has been paid in full, the court need not consider defendants' additional argument that plaintiff was only entitled to commissions during the term of the Agreement.

selling such products by February 4, 2004, at the latest. See Def's Ex. D at ¶ 1, 2. Ms. Bewley further states that Downunder Horsemanship has paid all commissions due to plaintiff for the sale of products that had been developed, promoted, or marketed by plaintiff, and mailed her a check for those commissions on February 6, 2004. Def's Ex. D at ¶ 3. Defendants have also attached a copy of a check payable to plaintiff in the amount of $1,951.60, dated February 4, 2004. See Def's Ex. E.

The elements of a claim for unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of the fact of such benefit; and (3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable. Erslon v. Vee-Jay Cement Contracting Co., Inc., 728 S.W.2d 711, 713 (Mo. Ct. App. 1987).

The undersigned finds that defendants have met their burden of proving the absence of any genuine issue of material fact and are entitled to judgment as a matter of law. Plaintiff argues that she is entitled to commissions from sales occurring from July 4, 2003, when the Agreement was terminated, through May 2004, when the Agreement was set to expire. The undisputed facts, however, reveal that defendants have paid plaintiff all commissions due for the sale of products that had been developed, promoted, or marketed by plaintiff. Defendants stopped selling products that had been developed, promoted, or marketed by plaintiff by February 4, 2004, and mailed her a check for those commissions. As such, plaintiff's unjust enrichment claim fails. Having found that defendants are entitled to summary judgment because plaintiff has been paid in full, the court need not consider defendants' additional argument that plaintiff was only entitled to commissions during the term of the Agreement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 25) be and it is **granted** as to Count II of plaintiff's Complaint. A separate Judgment will be entered on this date.

Dated this   18th   day of April, 2007.

                                                /s/ Lewis M. Blanton
                                                LEWIS M. BLANTON
                                                UNITED STATES MAGISTRATE JUDGE